IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. RWT-10-0777 |
| DANIEL MCINTOSH, | : |
| Defendant | : |

........oOo........

**PRELIMINARY FORFEITURE ORDER**

Having heard testimony during the trial of the above-captioned case and having considered the additional testimony provided during the forfeiture hearing conducted on January 30, 2013, the Court makes findings of fact by a preponderance and enters judgment as follows:

1. On or about November 1, 2012, the jury found the defendant, Daniel McIntosh, guilty of Count 1, conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. The jury determined the quantity of marijuana attributable to defendant McIntosh to be more than 100 kilograms. As the Second Superseding Indictment provided for forfeiture pursuant to Title 21, United States Code, Section 853(a), if the defendants were convicted of Count One, including " $ 30,000,000, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act," a forfeiture hearing was held on January 30, 2013.

2. McIntosh facilitated the marijuana conspiracy by procuring the services of a truck driver, Phillip Parker, to transport marijuana from California to Maryland. On approximately six occasions, Parker transported between 300 and 600 pounds of marijuana from

California to Maryland for the conspiracy. The marijuana was sold for an average price of $3,000 per pound. Taking the most conservative position, the minimum gross proceeds as a result of the trips made by Parker was $5,400,000. McIntosh was also involved in the delivery of $1,000,000 in cash to one of the truck drivers so that the driver could transport the $1,000,000 to California as payment for some of the marijuana. In addition, McIntosh over saw the delivery of 304 pounds of marijuana from a Canadian source. The estimated gross proceeds of that load of marijuana was $912,000.

       3.      Excluding the $1,000,000 sent to California so as to eliminate any possible double counting, the $5,400,000 and the $912,000 constitute minimum gross proceeds of the marijuana conspiracy which are directly attributable to the defendant McIntosh.

Accordingly, the defendant Daniel McIntosh, having been found guilty of violation of 21 U.S.C. § 846, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

       1.      The Defendant, Daniel McIntosh, shall forfeit $6,312,000.00 to the United States pursuant to 21 U.S.C. § 853.

       2.      A money judgment in the amount of $6,312,000.00 shall be entered against the defendant Daniel McIntosh.

       3.      This Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

       4.      Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) if the

Government locates assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. §§ 853(p).

5. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense also shall be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

6. The Clerk of the Court shall provide certified copies of this Order to all parties of record.

Date: February 25, 2013

Roger W. Titus
United States District Judge